# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF MISSISSIPPI
# DELTA DIVISION

| | |
|---|---|
| CURTIS D. GLINSEY, | PETITIONER |
| V. | NO. 2:07CV196-GHD |
| UNITED STATES OF AMERICA, | RESPONDENT |

## MEMORANDUM OPINION

Presently before the court is Curis Glinsey's, a former federal inmate, motion for a writ of coram nobis. The Government has responded and this matter is now ripe for resolution.

*A. Factual Background*

On September 1, 1998, Glinsey plead guilty to three counts of unauthorized use and redemption of food stamps. *See United States v. Glinsey*, No. 2:98CR010-GHD (N.D. Miss.). On September 2, 1998, Petitioner plead guilty to attempting to use intimidation or force against a witness. *See United States v. Glinsey*, No. 2:98CR074-GHD (N.D. Miss.). For these crimes, Glinsey was sentenced to 51 months imprisonment to be followed by three years of supervised release. Glinsey was also ordered to pay $1,266,317.06 in restitution.

Glinsey pursued an appeal. The Fifth Circuit Court of Appeals affirmed the conviction and sentence but reduced the amount of restitution to $1,000,000.00. *United States v. Glinsey*, 209 F.3d 386 (5th Cir. 2000), *cert. denied*, 531 U.S. 919 (2000). Subsequently, Glinsey filed a motion to reduce or vacate his sentence pursuant to 28 U.S.C. § 2255. On October 5, 2000, this court denied Glinsey relief. On January 8, 2003, the Fifth Circuit Court of Appeals denied Glinsey's appeal along with his appeal from various other rulings. *United States v. Glinsey*, 57 Fed. Appx. 211, 2003 WL 147742 (5th Cir. 2003).

Glinsey was released from custody on April 29, 2002, and his supervised release was terminated on April 28, 2005. More than two years later, Glinsey filed this petition currently under consideration.

## B. Writ of Coram Nobis

The writ of *coram nobis* was formally abolished by Rule 60(e) of the Federal Rules of Civil Procedure. The Supreme Court, however, has held that the writ of *coram nobis* is available pursuant to the All Writs Act, 28 U.S.C. § 1651(a). *See United States v. Morgan*, 346 U.S. 502 74 S.Ct. 247, 98 L.Ed. 248 (1954). The writ may be used as "an avenue of collateral attack when the petitioner has completed his sentence and is no longer 'in custody' for purposes of seeking relief under either 28 U.S.C. § 2241 or § 2255." *United States v. Dyer*, 136 F.3d 417, 422 (5th Cir. 1998). The writ is not to be used as a substitute for appeal and should only be employed to correct errors of "the most fundamental character." *Id.* at 422 citing *Morgan*. The writ will only issue when no other remedy is available and when "sound reasons exist [ ] for failure to seek appropriate earlier relief. *Id.* A writ of *coram nobis* is appropriate only where the petitioner can demonstrate that he is suffering "civil disabilities as a consequence of the criminal convictions." *Id.*, 429-30 (citations omitted). Furthermore, a petitioner seeking a writ must "exercise reasonable diligence" in seeking prompt relief. *Id.* at 427. The petitioner bears the burden of overcoming the presumption that previous judicial proceedings were correct. *Id.*

## C. Analysis

Petitioner first contends that the § 2255 motion was inadequate primarily because he was not afforded an evidentiary hearing and the motion was ultimately denied. Glinsey does not explain why he failed to pursue a successive 2255 motion and why he has waited over two years following the termination of his sentence to seek redress in the form of *coram nobis*. As the Government correctly notes, however, an unsuccessful 2255 motion does not establish the inadequacy or effectiveness of the remedy. *Reyes-Requena v. United States*, 243 F.3d 893, 901-02 (5th Cir. 2001). Similarly a petitioner's inability to satisfy the AEDPA's requirement for successive 2255 motions does not render the remedy inadequate or ineffective. *Id.*

In short, Petitioner has failed to show that sound reasons exist for his failure to seek relief available to him while he was incarcerated and could have pursued actions pursuant to 28 § U.S.C.

2241 or a successive § 2255. Clearly, as demonstrated by his appeal and 2255 motion, Petitioner could have and did challenge the validity of the restitution order and the court's jurisdiction. Thus, these issues have been presented previously and decided adversely to Petitioner

Additionally, Petitioner asserts that his conviction is illegal because it was based, in part, on a tape recorded conversation. Again, Petitioner fails to appreciate the extraordinary nature of the writ of *coram nobis*. Even if Petitioner's argument had any merit, he has not acted diligently in pursuing this claim–a prerequisite to the relief he seeks.

Furthermore, Petitioner has not adequately identified any continuing civil disabilities which would warrant granting the extraordinary relief a writ of *coram nobis* provides. Although Petitioner complains of being prohibited from participating in certain occupations such as law enforcement and grocery store owner, one who is convicted of a crime can be expected to endure certain reputational injuries. *E.g. United States v. Keane*, 852 F.2d 199, 205 (7th Cir. 1988). Petitioner also complains that he continues to suffer financially from the restitution obligation imposed as part of his sentence. The Seventh Circuit explained it best when the court denied *coram nobis* relief:

> an order of restitution is no different than an award of damages in civil litigation. "It is a sunk cost [cost actually incurred] rather than a continuing disability [which] produces additional injury as time passes." . . . financial injury cannot be classified as the sort of civil disability that can support the issuance of the writ of *coram nobis*.

*United States v. Sloan*, 505 F.3d 685, 697-98 (7th Cir. 2007) (citations omitted). Accordingly, Petitioner's financial obligation will not support his continuing civil disability argument.

Lastly, Petitioner contends that his conviction is illegal because of a defect in the bill of information. The Fifth Circuit has held that "[T]he sufficiency of an indictment or information is not open to collateral attack after conviction unless it appears that the circumstances are exceptional, that the questions raised are of 'large importance,' that the need for the remedy sought is apparent, and that the offense charged was one of which the sentencing court manifestly had no jurisdiction." *Dyer*, 136 F.3d at 425 (citations omitted). The delay in seeking a remedy weighs heavily against a petitioner–the "tardier the challenge, the more liberally and aggressively have indictments been construed so as to save them." *Id.* (citations omitted). The *Dyer* language easily disposes of

3

Petitioner's claim. Any purported deficiency in the information is not subject to collateral attack in the absence of exceptional circumstances which are not present in this case. Petitioner has been dilatory in asserting this claim which could have been resolved years ago either on direct appeal or through his 2255 motion.

In sum, Petitioner has the burden of overcoming the presumption of correctness afforded to the prior judicial decisions. Petitioner has failed to maintain his burden. The court is unconvinced that a "complete miscarriage of justice" will occur if the writ of *coram nobis* does not issue. *Jimenez v. Trominiski*, 910 F.3d 767, 768 (5th Cir. 1996) (the writ will issue only to correct errors resulting in a complete miscarriage of justice). Therefore, the petition for a writ of *coram nobis* shall be denied.

A final judgment shall issue in accordance with this opinion.

THIS the 8 day of July, 2008.

_____
SENIOR JUDGE